# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| DARREL KELLEY, Register No. 138321, | ) |
| Plaintiff, | ) |
| v. | ) No. 06-4007-CV-C-NKL |
| STATE OF MISSOURI, et al., | ) |
| Defendants. | ) |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Darrel Kelley, a former inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff seeks monetary and injunctive relief, pursuant to 42 U.S.C. § 1983. Named defendants are the Missouri Department of Corrections Board of Probation and Parole, and Board members John and Jane Doe, and Ms. Dills. Plaintiff alleges that defendants held him beyond his maximum conditional release date when they required him to participate in the house arrest program upon his release (parole) from prison. Plaintiff claims that such action violated his due process rights under the Constitution.

Plaintiff has requested leave to proceed without paying the filing fee, pursuant to 28 U.S.C. § 1915. Under section 1915, the court may waive filing fees and costs if it finds a plaintiff is indigent and if the claim should not be dismissed on certain other enumerated grounds. If appropriate, the court may impose a partial filing fee under L.R. 83.7. In re Williamson, 786 F.2d 1336 (8th Cir. 1986).

Plaintiff's affidavit indicates that he is indigent and currently unable to pay the full filing fee. Nevertheless, when a plaintiff seeks leave to proceed without prepayment of the filing fee, the court must dismiss the case if it finds the claim to be frivolous or malicious, if it fails to state

a claim for which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). The term "frivolous," as used in the statute, does not necessarily imply the plaintiff's claims are unimportant, but may mean only that the federal court lacks the authority to address them.

Case law indicates that where a plaintiff seeks leave to proceed under section 1915, a claim should be dismissed if it "lacks an arguable basis either in law or fact" or is based on an "indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989). The statute has been interpreted to give the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. Baseless factual contentions are those that are "fanciful," "fantastic" or "wholly incredible." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (citation omitted).

Upon review, plaintiff's claims should be dismissed for failure to state a claim on which relief can be granted under 42 U.S.C. § 1983.

To establish a Fourteenth Amendment due process violation, a plaintiff must first demonstrate that he was deprived of life, liberty or property by governmental action. Phillips v. Norris, 320 F.3d 844, 846 (2003) (citing Singleton v. Cecil, 155 F.3d 983, 987 (8th Cir. 1998); Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997)). Plaintiff's claims clearly do not allege a deprivation of life or property; therefore, plaintiff must have a liberty interest in order to sustain a due process claim. "Missouri's conditional release/parole statute, Mo. Rev. Stat. § 558.011, does not create a liberty interest." Dace v. Mickelson, 816 F.2d 1277, 1280-81 (8th Cir. 1987). See also Adams v. Agniel, 405 F.3d 643, 645 (8th Cir. 2005), Johnson v. Missouri Bd. of Prob. & Parole, 92 S.W.3d 107, 113-14 (Mo. App. 2002) (Missouri statute does not create liberty interest in conditional release/parole). "If a statute only mandates that state officials follow certain procedure or take into account certain factors, but specifically provides that the prisoner's release is nevertheless discretionary with the board, as evidenced by the use of discretionary language, then no protected liberty interest has been created." Dace, 816 F.2d 1280-81. Section 558.011 contains discretionary language allowing the parole board to extend a prisoner's conditional release up to a maximum of the entire sentence of imprisonment; therefore, a Missouri prisoner has no liberty interest in being conditionally released. Id.; Johnson, 92 S.W.3d at 113-14.

2

Therefore, in the instant case, because plaintiff has no liberty interest in his conditional release/parole, he also has no liberty interest in any condition or conditions imposed as a part of his grant of conditional release/parole.

IT IS, THEREFORE, ORDERED that plaintiff is granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915 [2]. It is further

RECOMMENDED that plaintiff's claims be dismissed for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. § 1915.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal. See L.R. 74.1.

Dated this 15th day of March, 2006, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge